**Opinion issued December 7, 2017**



In The

# Court of Appeals

For The

# First District of Texas

————————————

## NO. 01-17-00303-CV

————————————

**CHEVRON BANGLADESH BLOCK TWELVE LTD., Appellant**

**V.**

**STEPHEN BALDWIN AND VICKI BALDWIN, Appellees**

---

**On Appeal from the 133rd District Court**
**Harris County, Texas**
**Trial Court Case No. 2016-20087**

---

## MEMORANDUM OPINION

This is an interlocutory appeal from the trial court's order overruling a special appearance made by a foreign defendant, Chevron Bangladesh Block Twelve Ltd., in a premises liability suit brought by Texas residents, Stephen and Vicki Baldwin. In this lawsuit, both the alleged negligence and the alleged injury

occurred overseas in South Asia.[1] The principal issue is whether the trial court properly exercised general jurisdiction over Chevron Bangladesh.

We reverse the trial court's order, sustain Chevron Bangladesh's special appearance, and dismiss the Baldwins' claims against Chevron Bangladesh for lack of personal jurisdiction.

## Background

Chevron Bangladesh is a corporation that produces and processes natural gas and condensate in Bangladesh. It sells all the natural gas and condensate it produces to Bangladesh's national oil company, Petrobangla.[2] Chevron Bangladesh is organized under the laws of Bermuda, and its principal place of business is Bangladesh. It maintains offices in Bermuda and Bangladesh and employs approximately 200 individuals, all of whom work in either Bermuda or Bangladesh.

Several years ago, Chevron Bangladesh began working on a project to expand an existing gas processing plant to process additional natural gas produced from a field in northeast Bangladesh. Chevron Bangladesh hired an affiliate, Chevron Energy Technology Company, to provide quality assurance and quality control oversight and review of the work performed by contractors at the plant.

---

[1] *See* TEX. CIV. PRAC. & REM. CODE § 51.014(a)(7).

[2] Petrobangla is formally known as Bangladesh Oil, Gas & Mineral Corporation.

In 2014, a Chevron Energy employee and Texas resident, Stephen Baldwin, provided such quality control services at Chevron Bangladesh's plant in Bangladesh. One day, while exiting the plant, Baldwin fell several stories and was severely injured.

Baldwin and his wife, Vicki, sued Chevron Bangladesh, along with sixteen other defendants, in Texas state court. The Baldwins asserted a premises liability claim against Chevron Bangladesh, alleging that Chevron Bangladesh was negligent in (1) creating a dangerous exit, (2) failing to ensure that the exit was suitable for traversing, and (3) failing to warn potential users of the dangerous condition at its plant. The Baldwins generally pleaded that the trial court had personal jurisdiction over all the defendants because they were all either citizens of Texas or doing business in Texas, and they specifically pleaded that Chevron Bangladesh is a foreign business entity that is organized under the laws of Bermuda, maintains its principal place of business in Bangladesh, and does not maintain a registered agent for service of process in the State of Texas.

Chevron Bangladesh filed a special appearance supported by an affidavit from one of its officers, Jonathon Noseworthy. Chevron Bangladesh argued that it is not subject to general jurisdiction because it is not incorporated in Texas, does not have its principal place of business in Texas, and is not otherwise at home in

3

Texas. And it argued that it is not subject to specific jurisdiction because the alleged injury and the alleged negligence both occurred in Bangladesh.

Following jurisdictional discovery, the Baldwins filed a response in which they conceded that Chevron Bangladesh is not subject to specific jurisdiction:

> [Chevron Bangladesh] is correct that there is no showing that [the trial court] should exercise specific jurisdiction over it because the tort herein at issue did not occur within Texas.

The Baldwins argued that Chevron Bangladesh is subject to general jurisdiction because its Texas contacts are so continuous and systematic as to render it essentially at home in Texas. The Baldwins emphasized that, between 2011 and 2016, Chevron Bangladesh recruited and hired five Texas residents and purchased millions of dollars of equipment and supplies from Texas-based companies. Additionally, during this time, Chevron Bangladesh's employees made over sixty trips to Texas.

After a hearing, the trial court overruled Chevron Bangladesh's special appearance without specifying the grounds of its ruling. Chevron Bangladesh filed a notice of accelerated interlocutory appeal.

## Special Appearance

In its sole issue, Chevron Bangladesh contends that the trial court erred in overruling its special appearance. Chevron Bangladesh argues that it is not subject to general jurisdiction because Texas is not its principal place of business, Texas is

4

not its place of incorporation, and the Baldwins have not pleaded facts showing that this is an "exceptional case" in which Chevron Bangladesh may nevertheless be fairly regarded as "at home" in Texas.

The Baldwins respond that Chevron Bangladesh is subject to general jurisdiction because its Texas contacts are continuous and systematic. The Baldwins further respond that, even if Chevron Bangladesh has negated general jurisdiction, it has not shown that the trial court erred in overruling its special appearance because it has not negated specific jurisdiction as well.

## A.  Standard of review

Whether a trial court can exercise personal jurisdiction over a nonresident defendant is a question of law, which we review de novo. *BMC Software Belgium, N.V. v. Marchand*, 83 S.W.3d 789, 794 (Tex. 2002).

In a special appearance, the plaintiff and the defendant have shifting burdens of proof. *Kelly v. Gen. Interior Constr., Inc.*, 301 S.W.3d 653, 658 (Tex. 2010). The plaintiff has the initial burden of pleading sufficient facts to bring a defendant within the reach of the Texas long-arm statute. *Id.* If the plaintiff meets its initial burden, the burden then shifts to the defendant to negate all bases of personal jurisdiction alleged by the plaintiff. *Id.*

"Because the plaintiff defines the scope and nature of the lawsuit, the defendant's corresponding burden to negate jurisdiction is tied to the allegations in

5

the plaintiff's pleading." *Id.* The defendant has no burden to negate a potential basis for personal jurisdiction when it is not pleaded by the plaintiff. *See id.* "If the plaintiff fails to plead facts bringing the defendant within reach of the long-arm statute (i.e., for a tort claim, that the defendant committed tortious acts in Texas), the defendant need only prove that it does not live in Texas to negate jurisdiction." *Id.* at 658–59.

**B.      Applicable personal jurisdiction law**

There are two types of personal jurisdiction: specific jurisdiction and general jurisdiction. *Bristol-Myers Squibb Co. v. Superior Court of California, San Francisco Cty.*, 137 S. Ct. 1773, 1779–80 (2017). This case focuses on general jurisdiction.

When a trial court has general jurisdiction over a defendant, the court may hear *any* claim against the defendant, even one brought by a nonresident plaintiff involving conduct that occurred out-of-state. *Id.* at 1780. However, the circumstances under which a defendant is subject to general jurisdiction are limited. *Id.* A trial court may assert general jurisdiction over a defendant only when the defendant's contacts with the forum state are "so continuous and systematic" that the defendant is "essentially at home" in the state. *BNSF Ry. Co. v. Tyrrell*, 137 S. Ct. 1549, 1558 (2017) (quoting *Daimler AG v. Bauman*, 134 S. Ct. 746, 754 (2014)).

The "paradigm" forums in which a corporate defendant is "at home" are the corporation's place of incorporation and its principal place of business. *Id.* Although the exercise of general jurisdiction is not limited to these forums, when the forum is not a corporate defendant's place of incorporation or principal place of business, the defendant will be subject to general jurisdiction only under "exceptional" circumstances. *Id.*

Such circumstances are extremely limited. In its most recent opinion on general jurisprudence, issued after the trial court overruled Chevron Bangladesh's special appearance, the United States Supreme Court identified *Perkins v. Benguet Consolidated Mining Co.*, 342 U.S. 437, 72 S. Ct. 413 (1952)—in which the exigencies of World War II forced a foreign company to relocate its operations from the Philippines to the forum state Ohio—as exemplifying "exceptional" circumstances creating general jurisdiction over a nonresident defendant. *BNSF Ry.*, 137 S. Ct. at 1558. To our knowledge, *Perkins* is the only case the Supreme Court has recognized as exceptional to date.

Thus, the Court has set a "high bar" for establishing general jurisdiction over a foreign corporation. *Searcy v. Parex Res. Inc.*, 496 S.W.3d 58, 72 (Tex. 2016). To establish general jurisdiction over a foreign corporation, the plaintiff must show that the defendant's contacts render it "comparable to a domestic enterprise in that State." *Daimler AG*, 134 S. Ct. at 758 n.11.

## C. Chevron Bangladesh has negated general jurisdiction

Texas is not one of the paradigmatic forums in which Chevron Bangladesh may be fairly regarded as at home. It is undisputed that Chevron Bangladesh is not incorporated in Texas and does not maintain its principal place of business here.

Thus, general jurisdiction can be sustained only upon a showing that Chevron Bangladesh's Texas contacts are exceptional. The evidence does not reach this high threshold. Chevron Bangladesh does not conduct any operations in Texas. It does not sell products or services in Texas. It does not own or lease any land, offices, or facilities in Texas. It is not registered to do business in Texas. It does not possess any government licenses in Texas. It does not have a registered agent for service of process in Texas. It does not maintain any bank accounts in Texas. And it does not have any investments or subsidiaries in Texas.

The Baldwins argue that, over the past five years, Chevron Bangladesh had three types of Texas contacts that make this an exceptional case. First, Chevron Bangladesh recruited and hired five Texas residents. Second, Chevron Bangladesh purchased millions of dollars of equipment and supplies from Texas-based companies. Third, Chevron Bangladesh employees made over sixty trips to Texas for both personal and business reasons.

This Court has found these types of contacts insufficient to establish general jurisdiction.[3] Considered together, they do not rise to the level of the contacts in *Perkins*, the only case the United States Supreme Court has identified as truly exceptional, where the foreign defendant had relocated its operations to the forum state, and, as a result, the state became the defendant's principal, if temporary, place of business. 342 U.S. at 447–49, 72 S. Ct. at 419–20.[4] We hold that the

---

[3]    *See, e.g.*, *Gulf Coast Int'l, L.L.C. v. The Research Corp. of the Univ. of Hawaii*, 490 S.W.3d 577, 592 (Tex. App.—Houston [1st Dist.] 2016, pet. denied) (holding regular purchases from Texas businesses by nonresident defendant insufficient to establish general jurisdiction); *Bautista v. Trinidad Drilling Ltd.*, 484 S.W.3d 491, 500–02 (Tex. App.—Houston [1st Dist.] 2016, no pet.) (holding 126 trips to Texas by nonresident defendant's employees and defendant's director's residence in Texas insufficient to establish general jurisdiction); *Brenham Oil & Gas, Inc. v. TGS-NOPEC Geophysical Co.*, 472 S.W.3d 744, 759–60 (Tex. App.—Houston [1st Dist.] 2015, no pet.) (holding three trips to Texas by foreign defendant's executives and 39 trips to Texas by defendant's employees insufficient to establish general jurisdiction).

[4]    *See BNSF Ry. Co. v. Tyrrell*, 137 S. Ct. 1549, 1558 (2017) (stating that *Perkins* exemplifies "exceptional" circumstances creating general jurisdiction over nonresident defendant); *Daimler AG v. Bauman*, 134 S. Ct. 746, 755–56 (2014) ("The Court's 1952 decision in *Perkins v. Benguet Consol. Mining Co.* remains the textbook case of general jurisdiction appropriately exercised over a foreign corporation that has not consented to suit in the forum." (quoting *Goodyear Dunlop Tires Operations, S.A. v. Brown*, 564 U.S. 915, 927–28, 131 S. Ct. 2846, 2856 (2011) (brackets omitted))); *Keeton v. Hustler Magazine, Inc.*, 465 U.S. 770, 779 n.11, 104 S. Ct. 1473, 1481 n.11 (1984) (noting that in *Perkins*, "Ohio was the corporation's principal, if temporary, place of business so that Ohio jurisdiction was proper even over a cause of action unrelated to the activities in the State."); *see also BNSF Ry.*, 137 S. Ct. at 1561–62 (Sotomayor, J., concurring in part and dissenting in part) (arguing that majority's opinion could be understood as limiting exceptional circumstances to "exact facts" of *Perkins*).

Chevron Bangladesh has negated general jurisdiction as a basis for personal jurisdiction.

**D.    The Baldwins conceded that Chevron Bangladesh is not subject to specific jurisdiction**

The Baldwins argue that, even if Chevron Bangladesh has negated general jurisdiction as a basis for personal jurisdiction, it is still not entitled to reversal because it has failed to negate all bases for personal jurisdiction. The trial court's order did not specify the grounds for its ruling, and Chevron Bangladesh requested—but never obtained—findings of fact and conclusions of law. Thus, the Baldwins argue, we must assume that the trial court's ruling was based on findings that Chevron Bangladesh is subject to both general and specific jurisdiction. And because Chevron Bangladesh did not address specific jurisdiction in its appellate brief, it has failed to show that the trial court erred in overruling its special appearance.

In its special appearance, Chevron Bangladesh contested both general and specific jurisdiction. Then, in their response, the Baldwins admitted that the trial court did not have specific jurisdiction over Chevron Bangladesh:

> [Chevron Bangladesh] is correct that there is no showing that [the trial court] should exercise specific jurisdiction over it because the tort herein at issue did not occur in Texas.

10

The Baldwins never pleaded or argued any ground for asserting specific jurisdiction over Chevron Bangladesh.[5]

Because the Baldwins conceded in the trial court that Chevron Bangladesh is not subject to specific jurisdiction, they narrowed the jurisdictional inquiry. When the trial court heard Chevron Bangladesh's special appearance, the only issue that remained was whether there was general jurisdiction. Specific jurisdiction is not an available basis for personal jurisdiction in this appeal.

Because Chevron Bangladesh negated general jurisdiction as a basis for personal jurisdiction, we hold that it was error for the trial court to overrule its special appearance. Accordingly, we sustain Chevron Bangladesh's sole issue.

---

[5]     The Baldwins argue in their brief that Chevron Bangladesh failed to negate specific jurisdiction because it never addressed whether the Baldwins' claim is "related to" Chevron Bangladesh's contract with Baldwin's employer, Chevron Energy. But the Baldwins never alleged in the trial court that their claim was related to the contract or that the contract otherwise created specific jurisdiction. Thus, Chevron Bangladesh never had any burden to show that the contract did not create jurisdiction. *Kelly v. Gen. Interior Const., Inc.*, 301 S.W.3d 653, 658 (Tex. 2010) ("Because the plaintiff defines the scope and nature of the lawsuit, the defendant's corresponding burden to negate jurisdiction is tied to the allegations in the plaintiff's pleading.").

## Conclusion

We reverse the trial court's order overruling Chevron Bangladesh's special appearance and render judgment dismissing the Baldwins' claims against it for lack of personal jurisdiction.

 

Harvey Brown
Justice

Panel consists of Justices Jennings, Bland, and Brown.